UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'     JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Steven Shapiro

Attorneys Present for Defendants:

Dennis Cammarano

Attorneys Present for Third-Party Defendants:

Michael Cutler

**Proceedings:**    MOTION OF PLAINTIFF SUN COAST MERCHANDISE CORP. TO REMAND ACTION BACK TO STATE COURT (Dkt. 27, filed on January 20, 2021)

## I. INTRODUCTION

On October 13, 2020, plaintiff Sun Coast Merchandise Corp. ("Sun Coast") filed this action in the Los Angeles County Superior Court against defendants Hecny Transportation, Inc. ("Hecny") and Does 1 through 100, alleging: (1) breach of contract (implied-in-fact), (2) negligence, (3) common carrier liability pursuant to Cal. Civ. Code § 2194, (4) implied contractual indemnity, (5) unjust enrichment, and (6) negligent interference with prospective economic relations. See Dkt. 1-1 ("Compl."). Sun Coast's claims arise from Hecny's alleged failure to transport several thousand KN-95 masks from Shanghai, China to Stockton, California for Sun Coast.

On December 3, 2020, Hecny removed this action under 28 U.S.C. § 1331, on the basis that Sun Coast's claims arise under a United States treaty: the Convention for the Unification of Certain Rules for International Carriage by Air. Dkt. 1 ("Not. of Removal") ¶ 4; see Convention for Int'l Carriage by Air, S. Treaty Doc. No. 106-45 (May 28, 1999) ("Montreal Convention" or "Convention"). (Removal was timely, as Hecny was served on November 3, 2020. Not. of Removal ¶¶ 2–3.)

Hecny answered the complaint on December 9, 2020. Dkt. 9. That same day, Hecny also filed a third-party complaint, pursuant to Rule 14(a) of the Federal Rules of Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

Procedure, against United Airlines, Inc., ADS Logistics, Inc., Unis Transportation, LLC, and Roes 1 through 20. Dkt. 11 ("Third-Party Compl."). Hecny alleged claims for indemnity and declaratory judgment. Id. ¶¶ 10–17.

Sun Coast moved to remand the case to the Superior Court on January 20, 2021, on the ground that the Montreal Convention does not confer jurisdiction over the state law claims at issue. Dkt. 27 ("Mot."). Hecny opposed on February 1, 2021, dkt. 30 ("Opp."), and Sun Coast replied on February 8, 2021, dkt. 34 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court orders as follows.

**II.   BACKGROUND**

In early 2020, Sun Coast agreed to sell and deliver 10,000 cases of KN-95 masks to the State of California for the State's efforts to combat COVID-19. Compl. ¶¶ 1, 23. Each case contained 1,000 individual masks. Id. ¶ 1. The State agreed to pay $2.60 per mask. Id. ¶ 35.

Sun Coast sourced 9,000 of the masks from Shanghai, China. Id. ¶ 2. (The complaint does not state from where the remaining 1,000 cases were sourced.) In order to ship the masks from Shanghai to California, Sun Coast entered into a contract with Hecny in April 2020. Id. Pursuant to the air waybill, Hecny agreed to carry, import, and deliver the masks from Shanghai, where the masks were consigned to Hecny as an intermediary, to the delivery location in Stockton, California no later than the last day of May 2020. Id. ¶¶ 2, 22.

On an unspecified date, Hecny carried the masks by air from Shanghai to San Francisco, California. Id. ¶ 27. Sun Coast alleges that, according to Hecny's records, all 9,000 cases of masks were carried to the United States, cleared customs and were stored in the Swissport Cargo Services ("Swissport") warehouse. Id. ¶ 31; dkt. 30-1, Declaration of Carlos Tseng ("Tseng Decl.") ¶ 5. Swissport is the cargo ground handler for United Airlines at San Francisco International Airport, and the Swissport warehouse is located on the premises of the airport. Dkt. 30-2, Declaration of Mark Locey ("Locey Decl.") ¶ 3. Hecny then provided motor carriage of the masks to their point of delivery in Stockton. Compl. ¶ 27. However, Hecny only delivered 8,640 of the 9,000 cases of masks. Id. ¶ 27. Hecny admits that it lost 360 cases of masks, id. ¶ 34, which Sun Coast values at $936,000,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

id. ¶ 35. Sun Coast further alleges that, since its failure to deliver all 10,000 cases of masks to the State of California, the State has not made any additional purchases of masks from Sun Coast, despite extensive purchases of masks from Sun Coast's competitors. Id. ¶ 37.

Sun Coast filed suit against Hecny to recover these losses, and Hecny removed the case to this Court. Sun Coast now moves to remand the case to the Superior Court in Los Angeles County.

### III.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900).

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

### IV.  DISCUSSION

Hecny argues that removal is proper because "this Court has original jurisdiction under 28 U.S.C. § 1331," federal question jurisdiction.  Not. of Removal ¶ 3.  Hecny elaborates that "this action arises under a treaty of the United States," namely, the Montreal Convention, which governs, among other things, the international shipment of goods by air.  Id.

Sun Coast responds that (1) the Montreal Convention does not apply in this instance because the masks were lost during ground transport; (2) the Montreal Convention also does not apply because Hecny acted as a "freight forwarder," not an "air carrier"; and (3) even if the Montreal Convention does apply, it does not confer federal question jurisdiction because it does not completely preempt Sun Coast's state law claims.  Mot. at 3–4; Reply at 2.  Because the Court finds the question of complete preemption dispositive, it addresses it first.

#### A.  The Montreal Convention

The Montreal Convention is an international treaty governing all liability arising from "international carriage of persons, baggage or cargo performed by aircraft."  Montreal Convention, art. 1.  The Convention was adopted in May 1999, and it went into effect in the United States is 2003.  Ehrlich v. Am. Airlines, Inc., 360 F.3d 366, 371–72 (2d Cir. 2004).  "The Montreal Convention 'was the product of a United Nations effort to reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists.'"  Nankin v. Cont'l Airlines, Inc., No. CV 09-07851-MMM-RZx, 2010 WL 342632, at *3 (C.D. Cal. Jan. 29, 2010) (quoting Sompo Japan Insurance, Inc. v. Nippon Cargo Airlines Co., Ltd., 522 F.3d 776, 780 (7th Cir. 2008)).

Relevant here, the Montreal Convention applies to the loss of cargo.  Montreal Convention, art. 18.  Specifically, Article 18 of the Convention states that the Convention applies to "damage sustained in the event of the destruction or loss of, or damage to, cargo upon condition only that the event which caused the damage so sustained took place during the carriage by air."  Montreal Convention, art. 18(1).

Finally, there is no question that the Montreal Convention preempts certain state law causes of action in cases arising out of international carriage.  See El Al Israel Airlines,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

Ltd. v. Tseng, 525 U.S. 155, 169 (1999) (interpreting predecessor Warsaw Convention Treaty). The Court, though, is faced with the question of whether the Montreal Convention completely preempts state law causes of action.

### B.   Complete Preemption

Hecny argues the Montreal Convention completely preempts Sun Coast's state law claims, and thus that Sun Coast's claims arise under the Convention. Opp. at 6. Federal question jurisdiction requires that a case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the "master of the complaint" and "may avoid federal jurisdiction by exclusive reliance on state law." Id. Additionally, "removal to federal court cannot be based on a federal 'defense, including the defense of pre-emption.'" Silverstein v. Delta Airlines Inc., No. 2:11-CV-00236-JHN-JCx, 2011 WL 13218046, at *2 (C.D. Cal. Apr. 7, 2011) (quoting Caterpillar, 480 U.S. at 392).

"The doctrine of 'complete preemption' serves as a narrow exception to the well-pleaded complaint rule." Id., at *2 (citing Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000)). Complete preemption exists where the "preemptive force of [a] statute[] is so strong that [it] 'completely preempt[s]' an area of state law." Balcorta, 208 F.3d at 1107 (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). "In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id. (citing Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 24 (1983)).

The complete preemption exception to the well-pleaded complaint rule is very narrow. See Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993) ("The [complete preemption] doctrine … is a narrow exception to the 'well-pleaded complaint rule.'"). In fact, "only three areas have been deemed areas of complete preemption by the United States Supreme Court: (1) claims under the Labor Management Relations Act, (2) claims under the Employment Retirement and Insurance Security Act (ERISA), and (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'     JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

certain Indian land grant rights." Zatta v. Societe Air France, No. SA CV 11-0647 DOC, 2011 WL 2472280, at *2 (C.D. Cal. Jun. 21, 2011) (quotation omitted).

Complete preemption is distinct from federal preemption, which regards whether a plaintiff's state law claim may proceed. Dizon v. Asiana Airlines, Inc., 240 F. Supp. 3d 1036, 1046 (C.D. Cal. 2017) ("[C]omplete preemption—*i.e.*, whether a plaintiff must bring a claim under the Montreal Convention in federal court—[is] a different issue than federal preemption—*i.e.*, whether a plaintiff's state law cause of action may proceed when his Montreal Convention claim fails."). Put another way, "[t]he fact that individual claims may be preempted does not mean the entire field is preempted, and the defense of claim preemption does not convert a complaint brought under state law into one 'arising under' federal law." Oganesyan v. Am. Airlines Cargo, No. CV 13-6190 SVW, 2013 WL 6229173, at *2 (C.D. Cal. Nov. 26, 2013).

There is no dispute that the Montreal Convention "controls the remedies available and liabilities that can be imposed via [state] causes of action." Nankin, 2010 WL 342632, at *6. However, the question of whether the Montreal Convention completely preempts state law claims has not been answered by the Supreme Court or the Ninth Circuit, and lower courts are split on the issue. See Meirer v. Scandinavian Airlines Sys., No. 20-CV-05762-JSW, 2021 WL 148240, at *3 (N.D. Cal. Jan. 15, 2021) ("[T]he Ninth Circuit has not yet addressed whether the Montreal Convention completely preempts state law claims."); Jensen v. Virgin Atl., No. 12-CV-06227 YGR, 2013 WL 1207962, at *3 (N.D. Cal. Mar. 25, 2013) (collecting cases).

Nevertheless, the majority of federal courts in California that have addressed the issue have found that the Montreal Convention does not completely preempt state law claims, and thus that it does not confer federal subject matter jurisdiction over a complaint alleging only state law claims. See Mozingo v. Japan Airlines Co., 432 F. Supp. 3d 1194, 1200 (S.D. Cal. 2020) ("[T]he majority approach … holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption." (quotation omitted)); Oganesyan, 2013 WL 6229173, at *3 ("[T]he exclusivity provisions of the Montreal Convention operate as an affirmative defense but do not completely preempt state law causes of action." (quotation omitted)); Jensen, 2013 WL 1207962, at *4 ("[T]he exclusivity provisions of the Montreal Convention operate as an affirmative defense but do not completely preempt state law causes of action."); Zatta, 2011 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

2472280, at *3 (remanding and noting that, "[i]n this District, two courts have recently held that plaintiffs' state-law claims were not completely preempted by the Warsaw or Montreal Conventions"); Silverstein, 2011 WL 13218046, at *3 ("The provisions of the Montreal Convention only serve to control remedies available and liabilities that can be imposed through the state law causes of action."); Nankin, 2010 WL 342632, at *8 ("The court is not persuaded that state law claims such as plaintiffs' are preempted by the Montreal Convention."); Nelson v. Alaska Airlines, Inc., No. C 08-03560 JSW, 2008 WL 11396806, at *4 (N.D. Cal. Oct. 15, 2008) ("The Court [] holds that the Montreal Convention does not completely preempt Plaintiff's state-law claims."); Serrano v. American Airlines, Inc., 2008 WL 2117239, at *7 (C.D. Cal. May 15, 2008) ("[The] Montreal Convention does not completely preempt claims such as Plaintiffs' from being litigated in state court."); see also Greig v. U.S. Airways Inc., 28 F. Supp. 3d 973, 977 (D. Ariz. 2014) ("[F]ind[ing] persuasive the numerous district court opinions from within the Ninth Circuit that have concluded that the Montreal Convention does not completely preempt state law claims but … may be an affirmative defense.").

In fact, this Court is aware of only one federal court in California to find that the Montreal Convention does completely preempt state court claims. See Fadhliah v. Societe Air France, 987 F. Supp. 2d 1057, 1064 (C.D. Cal. 2013) (Wright, J.) (finding "the Montreal Convention does provide the exclusive cause of action against Air France and that the Court thus has federal-question jurisdiction under the complete-preemption doctrine"); David v. United Airlines, Inc., No. 2:15-CV-02262 ODW (PJWx), 2016 WL 1573423, at *4 (C.D. Cal. Apr. 18, 2016) (Wright, J.) (same); see also Anaya v. City of Los Angeles, No. CV 19-8594 PSG (PLAx), 2019 WL 8750359, at *2 (C.D. Cal. Nov. 1, 2019) (reserving judgment on the issue while acknowledging that "the majority position nationwide appears to be that the treaty does not completely preempt state law claims" (citation omitted)).

In the absence of binding authority from the Ninth Circuit, the Court follows the approach adopted by a majority of federal courts in this State and concludes that the Montreal Convention does not completely preempt Sun Coast's state law claims. Thus, because Sun Coast alleges only state law claims, and because Hecny has not established that the Montreal Convention completely preempts state law, the Court finds that Hecny has failed to establish that federal question jurisdiction exists. See Jensen, 2013 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

1207962, at *3 (remanding where plaintiff's complaint alleged only state law causes of action); Silverstein, 2011 WL 13218046, at *4 (same).

Hecny cites to several cases which it argues establish that the Montreal Convention "preempts all state and federal law to the contrary," and thus that it preempts the state law causes of action at issue here. Not. of Removal ¶ 10. However, it appears Hecny conflates two issues: federal preemption and complete preemption. Hecny is correct that the Montreal Convention preempts conflicting state law. But, as discussed above, this is not the same as complete preemption, which confers federal question jurisdiction over a complaint that only alleges state law causes of action. As such, several of the cases which Hecny cites are inapposite to the question presented here, which is whether this Court enjoys jurisdiction over the complaint. See Doe v. Etihad Airways, P.J.S.C., 870 F.3d 406, 412 (6th Cir. 2017) (noting that, "[a]s with the Montreal Convention, the Warsaw Convention provided international air passengers' exclusive remedy for claims governed by that treaty," but not addressing complete preemption); Kruger v. United Air Lines, Inc., 481 F. Supp. 2d 1005, 1008 (N.D. Cal. 2007) (same). Finally, while the court in Fadhliah, 987 F. Supp. 2d 1057, cited by Hecny, did find that the Montreal Convention completely preempts state law, as discussed above, the Fadhliah court represents the minority position, which this Court declines to adopt.

Accordingly, the Court finds that there is no subject matter jurisdiction over the claims at issue. Because the Court finds it lacks jurisdiction to hear the case, it does not reach Sun Coast's remaining arguments regarding the applicability of the Montreal Convention to the claims at issue here.[1]

---

[1] In any event, it appears these arguments are flawed. First, Sun Coast's argument that the Montreal Convention does not apply to cases where cargo is lost during carriage by land, as it argues is the case here, Mot. at 4, likely fails because, "[u]nlike the prior language used in Article 18 of the Warsaw Convention, the Montreal Convention does not limit the scope of coverage of [Article 18,] paragraph 3 to the period during which the carrier is in possession of the cargo at an airport or on board an aircraft," AIG Prop. & Cas., Co. v. Fed. Express Corp., No. 15-CV-6316 (KBF), 2016 WL 305053, at *6 (S.D.N.Y. Jan. 25, 2016). "The Explanatory Note to paragraph 3 (which expounds on the reasons for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-11007-CAS-JPRx | Date | February 22, 2021 |
|---|---|---|---|
| Title | SUN COAST MERCHANDISE CORP. v. HECNY TRANSPORTATION, INC. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand, and **REMANDS** the case to the Los Angeles Superior Court.

IT IS SO ORDERED.

|  | 00 : 05 |
|---|---|
| Initials of Preparer | CMJ |

---

changes adopted from the Warsaw Convention), shows that Article 18 is intended to cover damage to cargo 'whenever and wherever the cargo is in the possession custody or charge of the carrier.'" Id., at *6 (quoting Montreal Convention Explanatory Note, Ch. III, art. 18(3)); see Danner v. Int'l Freight Sys. of Wash., LLC, No. CIV A RDB-09-3139, 2010 WL 3294678, at *4 (D. Md. Aug. 20, 2010) ("When an air waybill provides for door-to-door delivery from a foreign country to a recipient's premises in the United States, the period of carriage by air generally lasts until the recipient receives the goods.").

Furthermore, Sun Coast's argument that the Montreal Convention does not apply because the complaint alleged Hecny acted as a "freight forwarder," not an "air carrier," Mot. at 4, is also likely unavailing because, as the consignee of the masks, Hecny was the "contracting carrier," while United Airlines, apparently, was the "actual carrier," see Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc., 634 F.3d 1023, 1026 (9th Cir. 2011) (characterizing consignee as "contracting carrier"). Article 40 of the Montreal Convention establishes that a contracting carrier is subject to the Convention.